UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN ASSURANCE CO., | ) | |
| | ) | |
|    *Plaintiff*, | ) | |
| | ) | 1:23-cv-01668-JMS-MKK |
|    *vs.* | ) | |
| | ) | |
| OLNER MICHEL, CAREXPRESSO, LLC, JB HUNT TRANSPORT, LETITIA CARTER, *as Special Administrator of the Estate of Karl Carter*, and ROEHL TRANSPORT, | ) ) ) ) ) | |
| | ) | |
|    *Defendants.* | ) | |

**ORDER**

Plaintiff has filed a Complaint in which it alleges that this Court has diversity jurisdiction over this matter. The Court notes the following issue(s) with Plaintiff's jurisdictional allegations:

- Plaintiff alleges that Defendant Carexpresso, LLC is "an Illinois company with its principal place of business in Illinois." [Filing No. 1 at 2.] Given that "LLC" is part of the entity's name, the Court surmises that "Carexpresso, LLC" is a limited liability company. If so, Plaintiff has not properly alleged Carexpresso, LLC's citizenship. The citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. Asserting that all members are citizens of a certain state, or that no members are citizens of a certain state, is insufficient. *See Guaranty Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (alleging that all partners of limited partnership were citizens of Massachusetts was insufficient to establish diversity jurisdiction); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("blanket declaration" that partners of limited liability company were citizens of state different than state of opposing party's citizenship was insufficient to establish diversity jurisdiction). Rather, Plaintiff must provide the name and citizenship of each member of Carexpresso, LLC, traced down to the lowest layer, in order for the Court to determine whether diversity jurisdiction exists. *See Guaranty Nat'l Title Co., Inc.* 101 F.3d at 59 (in order to determine citizenship of a limited partnership, court "need[ed] to know the name and citizenship(s) of its general and limited partners").

- Plaintiff has pled some of its jurisdictional allegations on information and belief. Jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. See *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"). "Conclusional allegations are insufficient. A court needs to know details, such as the state of incorporation and principal place of business of each corporate party." *State St. Bank & Trust Co. v. Morderosian*, 234 F.3d 1274 (7th Cir. 2000).

- Plaintiff has not properly alleged the citizenship of Letitia Carter, Special Administrator of the Estate of Karl Carter. The legal representative of an estate of a decedent is a citizen only of the same state as the decedent. 28 USC § 1332(c)(2). Plaintiff must provide the citizenship of Karl Carter.

- While Plaintiff alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs, it does not provide any information supporting that statement. It alleges that it issued a Commercial Auto Policy to Defendant Olner Michel, that Mr. Michel was in an accident with Mr. Carter which resulted in Mr. Carter's death, and that Mr. Michel seeks coverage under the Policy. But Plaintiff does not allege the Policy's limit of liability or any other information from which the Court can evaluate whether the amount in controversy exceeds $75,000, exclusive of interest and costs.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply by stipulating that it exists. See *Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

For these reasons, the Court **ORDERS** Plaintiff to file an Amended Complaint by **October 4, 2023**, which addresses the issues outlined in this Order and properly alleges a basis for this Court's diversity jurisdiction.[1]  Defendants need not answer or otherwise respond to the Complaint at which this Order is directed.  Defendants are cautioned, however, that when they do respond to the Amended Complaint, and to the extent that they deny any of Plaintiff's jurisdictional allegations or state that they do not have sufficient information to respond to those allegations, the Court will require the parties to conduct whatever investigation is necessary and file a joint jurisdictional statement confirming that all parties are in agreement with the underlying jurisdictional allegations before the litigation moves forward.

Date: 9/18/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

---

[1] Although Plaintiff alleges that the Court also has jurisdiction under the Federal Declaratory Judgment Act, the Court notes that "the Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction," and the Court must have an "independent basis for jurisdiction," such as diversity jurisdiction.  *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 935 (7th Cir. 2008).