UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREAT AMERICAN ASSURANCE CO., )<br>)<br>*Plaintiff*, )<br>)<br>vs. )<br>)<br>OLNER MICHEL, CAREXPRESSO, LLC, JB )<br>HUNT TRANSPORT, INC., LETITIA CARTER, )<br>ROEHL TRANSPORT, and ALLIANCE )<br>TRUCKING, INC., )<br>)<br>*Defendants*. ) | No. 1:23-cv-01668-JMS-MKK |

## ORDER

Presently pending before the Court is Plaintiff Great American Assurance Co.'s Motion for the Entry of Default by the Clerk against Defendants Olner Michel, Carexpresso, LLC ("Carexpresso"), and Alliance Trucking, Inc. ("Alliance") "for [their] failure to plead or otherwise defend as provided by the Federal Rules of Civil Procedure." [Filing No. 65.]

## I.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982). Courts favor a trial on the merits over a default, *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007), but this policy is "balanced against the need to promote efficient litigation and to protect the interests of all litigants," *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984). Courts also have a duty to consider a defendant's *pro se* status, but "being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders," *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996), or the rules of procedure, *United States v. Minson*,

1

13 Fed. App'x 416, 418 (7th Cir. 2001) ("Although *pro se* litigants are afforded various procedural protections, they are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines.") (citation omitted).

## II.
### MR. OLNER

According to Plaintiff's Affidavit for the Entry of Default by the Clerk, on November 8, 2023, a summons was issued for Mr. Michel and service was achieved on November 22, 2023. [Filing No. 65-1 at 1 (citing Filing No. 18).]  To date, Mr. Olner has not filed an answer or otherwise responded to Plaintiff's Complaint or the current Motion for the Entry of Default by the Clerk.  He has, however, appeared *pro se* on two telephonic status conferences with the Magistrate Judge.  [*See* Filing No. 55; Filing No. 65-1 at 2; Filing No. 69.]

Despite not filing an answer or response to the Motion, Mr. Olner appears to be attempting to participate in this litigation as evidenced by his involvement in the telephonic status conferences, which could be considered an effort to "otherwise defend" under Rule 55(a).  The Court also recognizes the "need to promote efficient litigation and to protect the interests of all litigants." C*.K.S. Eng'rs, Inc.*, 726 F.2d at 1205.  Therefore, based on the foregoing and the preference of deciding cases on the merits, the Court **DENIES** Plaintiff's Motion as to Mr. Olner, and **ORDERS** Mr. Olner to file an Answer to Plaintiff's Complaint **by August 28, 2024**.  The failure to do so will result in the entry of default.  The Court advises Mr. Olner of the Court's online *pro se* resources. *Representing Yourself in United States District Court*, INSD.USCourts.gov, https://www.insd.uscourts.gov/representing-yourself-united-states-district-court (last visited July 26, 2024).

## III.
### CAREXPRESSO

According to Plaintiff's Affidavit for the Entry of Default by the Clerk, on March 26, 2024, an Affidavit of Compliance for Service on the Secretary of State was filed with the Illinois

Secretary of State, who was appointed as the agent of Carexpresso because it dissolved on February 9, 2024. [Filing No. 65-1 at 1-2 (citing Filing No. 63).] The Illinois Secretary of State accepted the Affidavit of Compliance for Service on the Secretary of State and filed it as of April 1, 2024. [Filing No. 65-1 at 1-2 (citing Filing No. 63).] At the time Plaintiff filed the pending Motion on June 20, 2024, Carexpresso had not filed an appearance or answer, or otherwise responded to Plaintiff's Complaint. [Filing No. 65-1 at 1-2.] On June 25, 2024, counsel filed an appearance for Carexpresso. [Filing No. 66.] Thereafter, Carexpresso participated in a telephonic status conference with the Magistrate Judge on July 19, 2024, but has not filed an answer or otherwise responded to Plaintiff's Complaint. [Filing No. 69.]

Although Carexpresso is not proceeding *pro se* like Mr. Olner, its participation in the telephonic status conference could be considered an effort to "otherwise defend" under Rule 55(a). In balancing the "need to promote efficient litigation and to protect the interests of all litigants," *C.K.S. Eng'rs, Inc.*, 726 F.2d at 1205, with the Court's preference to decide the case on the merits, the Court **DENIES** Plaintiff's Motion as to Carexpresso, and **ORDERS** it to file an Answer to Plaintiff's Complaint **by August 16, 2024**. The failure to do so will result in the entry of default.

## IV.
### ALLIANCE

According to Plaintiff's Affidavit for the Entry of Default by the Clerk, on March 22, 2024, an Affidavit of Compliance for Service on the Secretary of State was filed with the Illinois Secretary of State, who was appointed as the agent of Alliance because its registered agent could not with reasonable diligence be found at the registered office of record in Illinois. [Filing No. 65-1 at 1 (citing Filing No. 64).] The Illinois Secretary of State accepted the Affidavit and filed it on March 27, 2024. [Filing No. 65-1 at 1 (citing Filing No. 64).] To date, Alliance has not filed an appearance or answer participated in a telephonic status conference, or otherwise responded to

3

Plaintiff's Complaint. Therefore, the Court **GRANTS** Plaintiff's Motion against Alliance and **DIRECTS** the Clerk to enter default against Alliance.

## V.
### CONCLUSION

For the foregoing reasons, the Court:

- **DENIES** Plaintiff's Motion for the Entry of Default by the Clerk, [65], as to Mr. Olner and **ORDERS** Mr. Olner to file an Answer to Plaintiff's Complaint **by August 28, 2024**. The failure to do so will result in the entry of default;

- **DENIES** Plaintiff's Motion for the Entry of Default by the Clerk, [65], as to Carexpresso and **ORDERS** Carexpresso to file an Answer to Plaintiff's Complaint **by August 16, 2024**. The failure to do so will result in the entry of default; and

- **GRANTS** Plaintiff's Motion as to Alliance and **DIRECTS** the Clerk to enter default against Alliance.

Date: 7/31/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Olner Michel
113 Silver Falls Drive
Simpsonville, SC 29681


Office of the Secretary of State
213 State Capitol
Springfield, IL 62756